UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **Matthew McCormick and Gina McCormick,** | |
| Plaintiffs, | Case No. |
| v. | |
| **Southern Solar, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## **COMPLAINT**

**Matthew McCormick and Gina McCormick** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Southern Solar, LLC** (Defendant):

## INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant maintains a corporate office and conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

1

## PARTIES

5. Plaintiffs are each a natural person residing in Prosper, Texas 75072.

6. Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 1405 Oak Hill Drive, Lewisville, Texas 75067 and can be served via its registered agent at 608 Silicon Drive, Suite 110, Southlake, Texas 76092.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Defendant and/or its agents initiated numerous telephone calls to Plaintiff Matthew McCormick on his cellular telephone number ending in 9117 and Plaintiff Gina McCormick on her cellular telephone number ending in 4158 for solicitation purposes.

11. Plaintiffs were not interested in solar energy and did not request information from Defendant or any other company related to solar energy.

12. Plaintiff Matthew McCormick has been on the Do Not Call Registry since July 1, 2014.

13. Defendant and/or its agents placed these calls using an automatic telephone dialing system.

14. Defendant's calls were not made for "emergency purposes."

15. Defendant knew its calls were unwanted, therefore, all calls could have only been made solely for purposes of harassment.

16. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiffs to endure.

17. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)
## AS TO BOTH PLAINTIFFS

18. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

19. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiffs' cellular telephone without any prior express consent.

25. Defendant also contacted Plaintiff Matthew McCormick despite the fact that he has been on the Do Not Call Registry since July 1, 2014.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiffs has=ve suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

### COUNT II
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)
### AS TO PLAINTIFF MATTHEW MCCORMICK

29. Plaintiff Matthew McCormick incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff Matthew McCormick despite the fact that he has been on the Do Not Call Registry since July 1, 2014.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff Matthew McCormick's rights under the law and with the purpose of harassing him.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff Matthew McCormick has suffered the losses and damages as set forth above entitling him to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**
**AS TO BOTH PLAINTIFFS**

35. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

36. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

37. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

38. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Matthew McCormick and Gina McCormick,** respectfully pray for judgment as follows:

a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B)) for each Plaintiff;

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C) for Plaintiff Matthew McCormick;

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)) for each Plaintiff;

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C) for Plaintiff Matthew McCormick;

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)) for each Plaintiff;

g. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code) for each Plaintiff;

h. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code for each Plaintiff;

i. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Matthew McCormick and Gina McCormick,** demand a jury trial in this case.

Respectfully submitted,

Dated: 01/13/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com