IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MATTHEW MCCORMICK and GINA MCCORMICK | § § § | |
| *Plaintiffs*, | § § § | |
| vs. | § § | Civil Action No. 4:21-cv-00028-ALM |
| SOUTHERN SOLAR LLC | § § | |
| *Defendant*. | § § | |

**DEFENDANT SOUTHERN SOLAR LLC'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule CV-7, Defendant Southern Solar LLC ("Southern Solar") files this Motion to Dismiss requesting that the Court dismiss all claims asserted by Plaintiffs Matthew McCormick and Gina McCormick ("Plaintiffs") for failure to state a claim upon which relief can be granted.

**STATEMENT OF THE ISSUES AND SUMMARY OF THE MOTION**

Plaintiffs combine recitations of the elements of their causes of action with sparse and generalized facts in an attempt to manufacture three claims related to alleged phone calls received by Plaintiffs on their cell phones.  Plaintiffs assert a Telephone Consumer Protection Act ("TCPA") claim under 47 U.S.C. § 227(b), but fail to allege any facts to support their unadorned conclusion that Southern Solar used an automatic telephone dialing system ("ATDS").  Matthew McCormick asserts a "Do Not Call" claim under 47 U.S.C. § 227(c) of the TCPA, but admits that the subject calls were made to his cell phone, thus undermining his claim as a matter of law.  And finally, Plaintiffs assert a claim under Texas Business and Commercial Code § 302.101 for alleged unlawful solicitation without any supporting factual allegations related to Southern Solar's alleged

lack of a registration certificate or the nature of the phone calls.  For these reasons, as further detailed below, Southern Solar respectfully requests that this Court dismiss all of Plaintiffs' claims.

## BACKGROUND

1.      Plaintiffs filed suit against Southern Solar on January 14, 2021.

2.      Plaintiffs' Complaint asserts three claims stemming from an unidentified number of phone calls (the dates and content of which are undescribed) that Southern Solar allegedly made to Plaintiffs' cell phones in alleged violation of: (1) 47 U.S.C. § 227(b) of the TCPA; (2) 47 U.S.C. § 227(c) of the TCPA (through 47 CFR § 64.1200(c)); and (3) Tex. Bus. & Comm. Code § 302.101.

## ARGUMENT AND AUTHORITIES

This Court has authority to dismiss a complaint for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007); *Flagg v. Stryker Corp.*, 647 F. App'x 314, 315 (5th Cir. 2016).

Plaintiffs' Complaint fails in both respects.  In Counts 1 and 3, Plaintiffs fail to plead sufficient facts to provide fair notice to Southern Solar and state a viable cause of action under either the TCPA or the Tex. Bus. & Comm. Code.  In Count 2, Matthew McCormick seeks to avoid that issue by providing some factual allegations, but ends up pleading himself out of Court by acknowledging that Southern Solar's calls were made to his cell phone, not a residential phone.

**Count 1 — 47 U.S.C. § 227(b)**

Plaintiffs assert that "Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system." Plaintiffs' Complaint, ¶ 23.[1]

---

[1] The quoted sentence is from the first paragraph labeled as paragraph 23 in Plaintiffs' Complaint.  Plaintiffs' Complaint skips from paragraph 19 to paragraph 23, which is followed by a duplicate paragraph 23.

Plaintiffs make no further factual allegations to support this conclusion.  Without more, Plaintiffs'

pleading is insufficient as a matter of law; "[s]imply alleging the use of an ATDS, without more,

is insufficient to sustain a TCPA claim."  *Cunningham v. Nationwide Sec. Sols., Inc.*, 2017 WL

10486988, at *3 (N.D. Tex. Nov. 2, 2017) (Lynn, C.J.); *see Cunningham v. TechStorm, LLC*, 2017

WL 721079, at *3 (N.D. Tex. Feb. 23, 2017).

**Count 2 — 47 U.S.C. § 227(c)**

In Count 2, Matthew McCormick alleges that he received calls from Southern Solar on his

cell phone despite the fact that "he has been on the Do Not Call Registry since July 1, 2014."

Plaintiffs' Complaint, ¶¶ 10, 29, and 31.  These allegations defeat any claim under § 227(c) of the

TCPA as a matter of law.

Section 227(c) provides that "a person who has received more than one telephone call

within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection may . . . [bring] an action to recover for actual monetary loss from

such a violation . . . ."  47 U.S.C. § 227(c)(5).  The underlying regulations provide that "[n]o person

or entity shall initiate any telephone solicitation to . . . [a] residential telephone subscriber who has

registered his or her telephone number on the national do-not-call registry . . . ."  47 C.F.R. §

64.1200(c).  Courts in this District have consistently held that the regulations means that § 227(c)

of the TCPA provides relief for calls made to ***residential telephone subscribers*** only; calls made

to cell phones are not actionable.  *Morris v. Unitedhealthcare Ins. Co.*, 2016 WL 7115973, *10

(E.D. Tex. Nov. 9, 2016), report and recommendation adopted, 2016 WL 7104091 (E.D. Tex. Dec.

6, 2016) ("These rules only apply to residential telephone numbers"); *Cunningham v. Arco Media

Inc.*, 2020 WL 2310021, at *4 (E.D. Tex. Apr. 3, 2020), report and recommendation adopted, 2020

WL 2306589 (E.D. Tex. May 8, 2020) ("Plaintiff alleges . . . that the calls were made to his cell

phone—not a residential telephone. Various courts, including this one, have previously considered similar claims by Plaintiff and found that the regulation does not encompass Plaintiff's cell phone.").  By acknowledging that the calls were made to his cell phone, Matthew McCormick has pleaded himself out of Court with respect to Count 2.

**Count 3 — Tex. Bus. & Comm. Code § 302.101**

Plaintiffs' Texas state law claim is a combination of legal conclusions that do not provide Southern Solar with fair notice of Plaintiffs' claim.  *See Smith v. City of Vidor*, 2020 WL 6947899, at \*3 (E.D. Tex. Oct. 13, 2020), report and recommendation adopted, 2020 WL 6940841 (E.D. Tex. Nov. 24, 2020) (citing *Iqbal*, 556 U.S. at 679).  Plaintiffs simply list the elements of a cause of action without facts to show that they are entitled to relief.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 & n.3. Most critically, Plaintiffs do not provide any information regarding the content of the phone calls even though the Texas Business & Commerce Code provides numerous exceptions to liability.  *See, e.g.,* Tex. Bus. & Comm. Code § 302.059.

Plaintiffs' barebones pleading appears to be a strategic effort to avoid a motion to dismiss. If Plaintiffs provided factual allegations related to the content of the alleged calls, their allegations would have demonstrated that Southern Solar's calls were informational and exempted from liability.  Specifically, Plaintiffs would have necessarily pleaded facts establishing that Southern Solar's calls regarding solar energy are nothing more than an effort to arrange "for a major sales presentation to be made face-to-face at a later meeting between the salesperson and the purchaser . . . ." Tex. Bus. & Comm. Code § 302.059.

## CONCLUSION & PRAYER

For the reasons set forth herein, Southern Solar requests that its Motion to Dismiss be granted in its entirety, that the Court enter an order dismissing all of Plaintiffs' claims, and that Southern Solar receive all other relief, in law or in equity, to which it may justly be entitled.

Respectfully submitted,

*/s/ M. Taylor Levesque*

**M. Taylor Levesque**
  Texas Bar No. 24107296
  taylor.levesque@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-6776
Telephone: (214) 740-8000
Facsimile:  (214) 740-8800

**ATTORNEYS FOR DEFENDANT
SOUTHERN SOLAR LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 11, 2021, a true and correct copy of the above document was served upon all counsel of record via the Court's *electronic filing system and/or e-mail* pursuant to the Federal Rules of Civil Procedure:

*/s/ M. Taylor Levesque*
M. Taylor Levesque